## Schafer *v.* Hartz et al.

EVIDENCE. — *Payment.* — *Promissory Note.* — *Identification.* — In an action against the heirs of an intestate, to foreclose a mortgage upon real estate securing two promissory notes, all executed by the latter in his lifetime, the defendants, under a plea of payment of such notes, introduced in evidence a writing executed by the plaintiff and such intestate, reciting that certain personal property delivered by the latter to the former had been "paid by the two notes" held by the plaintiff against the intestate. *Held*, that, in the absence of evidence identifying the notes mentioned in the writing as being those sued upon, a finding of payment of the same is erroneous.

From the Clark Circuit Court.

*J. H. Stotsenburg*, for appellant.

*C. L. Dunham* and *M. Clegg*, for appellees.

HOWK, J.—The appellant, as plaintiff, sued the appellees, as defendants, in the court below, to foreclose certain mortgages, alleged to have been executed to the appellant by one Martin Hartz, then deceased, in his lifetime, on certain real estate in Clark county, Indiana. The appellee Mary Hartz, as the widow and only heir of said Martin Hartz, deceased, and her co-appellee, Lytel Campbell, as a junior mortgagee, were the only defendants to the action.

Appellant's complaint was in three paragraphs, and each paragraph counted on a different mortgage and certain notes described therein, alleged to have been executed by said Martin Hartz, deceased, in his lifetime. In the first paragraph, the appellant declared upon a mortgage, bearing date on the 19th day of February, 1869, and a note of the same date for three hundred and sixty-one dollars, secured by said mortgage, and alleged that said note was due and unpaid, and that said mortgage was duly recorded in the recorder's office of said county, on the 16th day of March, 1869.

In his second paragraph, the appellant declared upon a mortgage, dated May 24th, 1869, and a note of the same

date for four hundred dollars, secured by said mortgage, and alleged that said note was due and unpaid, and that said mortgage was duly recorded in the recorder's office of said county, on the 7th day of June, 1869.

And in the third paragraph of his complaint, the appellant declared upon three notes, one dated August 2d, 1872, for one hundred and ninety dollars, one dated September 16th, 1872, for one hundred and eighty-five dollars, and one dated October 15th, 1872, for one hundred and seventy-five dollars, and a mortgage, dated January 22d, 1873, securing said three notes, and alleged that said notes were due and unpaid, and that said mortgage was duly recorded in the recorder's office of said county, on the 22d day of January, 1873.

Appellant demanded judgment for the foreclosure of said mortgages, and the sale of the mortgaged property, or so much as might be necessary to pay said notes, and for other proper relief.

The appellee Mary Hartz filed her separate answer, in seven paragraphs, to appellant's complaint; but appellant's demurrers were sustained by the court below to the third, fourth, and seventh paragraphs of said answer. The first, second, fifth, and sixth paragraphs of said answer were, in substance, as follows:

First. A general denial of all the allegations of the complaint;

Second. A special plea of payment of the two notes described in the first and second paragraphs of appellant's complaint;

Fifth. That the notes and mortgages mentioned in appellant's complaint were given without any consideration whatever; and,

Sixth. A general plea of payment by said Martin Hartz, deceased, in his lifetime, of all the notes sued on.

The appellant replied, by a general denial, to the second, fifth, and sixth paragraphs of the answer.

As between the appellee Lytel Campbell and the

appellant, there was and is no real controversy, in this action.

The issues joined between the appellant and the appellee Mary Hartz, in this action, were tried by the court below, and a finding made in favor of said Mary Hartz. And, over the appellant's motion for a new trial and exception saved, judgment was rendered by the court below upon the finding, in favor of the appellee Mary Hartz.

In this court, the only alleged error of the court below, assigned by the appellant, is the overruling of his motion for a new trial. And the only causes for such new trial, assigned by the appellant, were, that the finding of the court below was not sustained by sufficient evidence, and that it was contrary to law. So that the only question in this case for our consideration is this, was the finding of the court below, in this cause, sustained by any sufficient evidence?

A bill of exceptions, containing all the evidence on the trial, is properly in the record. The appellant proved the execution of the notes and mortgages, described in his complaint, by said Martin Hartz, deceased, in his lifetime, and then gave in evidence the said notes and mortgages. Appellant also proved, that said Martin Hartz died at Otisco, in said county, on the 1st day of July, 1875, leaving the appellee Mary Hartz his widow and only heir at law. The evidence, thus given, made a *prima facie* case for the appellant.

The appellee Mary Hartz offered no evidence whatever, in support of the fifth paragraph of her answer, impeaching or calling in question, in any manner, the consideration of any or either of the notes or mortgages sued on in this action. Nor did said appellee produce or offer any evidence whatever, which tended, even in the remotest degree, to show that any or either of the notes described in the third paragraph of appellant's complaint had been paid in any manner, at any time, in whole or in part, beyond the payment of interest thereon. In support

of the second paragraph of her answer, the appellee Mary Hartz gave in evidence a written contract or agreement, dated April 15th, 1872, executed by the appellant and the said Martin Hartz, whereby said Hartz, in consideration of one thousand dollars to him paid by the appellant, sold and transferred to the appellant all the stock of merchandise of said Martin Hartz, in his store in Otisco, in said county; and said contract or agreement closed with these words: "The said thousand dollars were paid by the two notes which the said Schafer holds on the said Hartz." It was alleged in the second paragraph of appellee's answer, that " the two notes," mentioned in said contract, were the notes described in the first and second paragraphs of the appellant's complaint; but not one word of evidence was offered by said appellee in support of this allegation. On the contrary, the evidence adduced on the trial by the appellee Mary Hartz rebuts any inference even, which might otherwise have been drawn from the closing sentence of the written contract, and shows very conclusively to our minds, that "the two notes," mentioned in the written contract, are not the notes sued on in the first and second paragraphs of appellant's complaint, nor either of them. Of course, the written contract could not have referred to the notes, nor any of them, sued on in the third paragraph of appellant's complaint; for all of these notes were given several months after the execution of said contract.

The appellee Mary Hartz gave in evidence certain receipts, executed by the appellant to said Martin Hartz, and found among his papers after his death, which receipts showed, that Martin Hartz had paid the appellant, semi-annually, interest on the two notes sued on in the first and second paragraphs of appellant's complaint, for nearly three years after the date of said written contract. And the appellant gave in evidence, from the day-book of said Martin Hartz, certain entries therein, proved to be in the handwriting of said Martin Hartz, which entries showed

the same payments of interest, on the same notes, and for the same period of time, as were shown by the receipts put in evidence by the appellee. This evidence, it seems to us, completely rebuts and overcomes any possible inference, to be drawn from the language used in said written contract, that "the two notes," mentioned therein, could, by any possibility, be the notes sued on in the first two paragraphs of appellant's complaint. And Judge M. C. Hester, a witness for appellant, identifies "the two notes," mentioned in the written contract or agreement, the execution of which he had attested, in these words: "Schafer held these notes, and wanted himself secured; Schafer having then no security on these notes." These are the notes mentioned in the written contract, but they are certainly not the notes sued on in the first and second paragraphs of appellant's complaint; for each of these latter notes was secured, on the day of its date, by mortgage on real estate.

Our conclusion is, that there is, in this case, an utter want of any sufficient evidence to sustain the finding of the court below; and, therefore, we hold, that the court below erred in overruling the appellant's motion for a new trial.

The judgment of the court below, in favor of the appellee Mary Hartz, and against the appellant, is in all things reversed, at the costs of said appellee, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings.